UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

          Plaintiff,                             CASE NO. 10-CR-20666

v.                                       PAUL D. BORMAN
                                             UNITED STATES DISTRICT JUDGE

ARAMAIS MOLOIAN,

          Defendant.

_____/

**ORDER GRANTING GOVERNMENT'S MOTION TO PREVENT DEFENDANT
FROM ARGUING/MENTIONING JURY NULLIFICATION THROUGHOUT
THE TRIAL PROCESS**

Defendant's response (Dc. #29) to Plaintiff's Motion in Limine (Doc. #21) states on page

8 that "law exists in the Sixth Circuit Court [of Appeals] that a defendant in a criminal trial is

allowed to argue jury nullification. See *United States v. Krzyse*, 836 F.2d 1013, 1021 (6th Cir.

1988).

In *Krzyse*, the Sixth Circuit noted that the district judge did not prohibit the use of the

term jury nullification in the trial, but further noted that when the jury asked the judge what the

doctrine stood for, the judge responded: "There is no such thing as valid jury nullification. Your

obligation is to follow the instructions of the Court as to the law given to you. You would violate

your oath and the law if you willfully brought in a verdict contrary to the law given you in this

case. Defendant objected and claimed error on appeal. The Sixth Circuit held:

          In light of *Horning, Avery,* and *Burkhart,* we are compelled to

approve the district court's refusal to discuss jury nullification with the jury. To have given an instruction of nullification would have undermined the impartial determination of justice based on law. *Krzyse* at 1021.

Defendant first attempts to support his argument by citing two dissenting opinions. That does not hunt. Defendant then attempts to argue that the Sixth Circuit Opinion in *United States v. Jones*, 108 F.3d 668, 676 (6th Cir. 1997) supports its right to argue jury nullification during trial. Defendant does not correctly cite the case, or the location of the quote: (1) the case is *United States v. Jones*, 108 F.3d 668, 676 (6th Cir. 1997) (en banc); (2) the quote appears in a concurring opinion that is not joined by a majority of judges.

The Court concludes that insofar as Defendants seek to introduce the concept of "jury nullification" in this trial, legal precedent dictates that "jury nullification" will not be raised in this trial.

SO ORDERED.[1]

DATED: 8-19-11

PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

---

[1] The Court has concluded that pursuant to Local Rule 7(f), oral argument is not necessary to rule on this specific issue. The Court has set for hearing the other issues raised in Document #21.